# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| SHANNON D. MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:16-cv-00337 |
| | ) | REEVES/LEE |
| CHIEF FERGUSON, CORRECTIONS | ) | |
| CORPORATION OF AMERICA, SGT. PELL, | ) | |
| OFFICER WALKER, OFFICER STANDEFER, | ) | |
| and OFFICER EPPERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed under 42 U.S.C. § 1983. On December 12, 2017, the Court entered an order providing that Plaintiff would have thirty days from the date of entry of the order to pay the full filing fee or submit the necessary documents to proceed *in forma pauperis* [Doc. 3]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss the case for want of prosecution [*Id.* at 2]. The mail containing this order was returned to the Court as undeliverable because Plaintiff is no longer at the institution at the address Plaintiff provided to the Court [Doc. 4].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff did not receive the order because he failed to update his address and/or monitor this action as required by this Court's Local Rule 83.13 [Doc. 4]. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Defendants have not been prejudiced by Plaintiff's failure to comply with the Court's order.

As to the third factor, the record reflects that Plaintiff was warned that the Court would dismiss this case if he failed to update his address with the Court and/or comply with the Court's order [Doc. 3 p. 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner who was seeking leave to proceed *in forma pauperis* in this action [Doc. 1] and Plaintiff has not pursued this action since filing the complaint.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b). *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution

because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**